UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-60039-CIV-COOKE/BANDSTRA

JOSEPH P. D'ANGELO, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES,

    *Defendant*.

_____/

## ORDER ON MOTION TO DISMISS

Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. For the reasons stated below, I am only dismissing Count I of the Complaint as it pertains to Daycon. All other counts survive Defendant's motion to dismiss.

### A.  BACKGROUND

In January 2007, Plaintiffs Joseph P. D'Angelo ("D'Angelo") and Daycon Investors Associates, Inc. ("Daycon") filed this action disputing D'Angelo's liability under 26 U.S.C. § 6672 for federal employment tax liabilities and seeking a refund of amounts levied from his personal assets. Daycon also disputes that it is D'Angelo's alter ego and seeks a refund of amounts levied from Daycon to satisfy D'Angelo's tax liabilies.

D'Angelo was an officer and director of Americare Pulmo-Tech, Inc. and Americare Services, Inc. For the first two taxable quarters in 1998, i.e., January through June 30, Americare Pulmo-Tech, Inc. incurred federal payroll taxes on account of its employees. Similary, Americare Services, Inc. incurred federal payroll tax liabilities for the three taxable quarters that followed, i.e.,

July 1, 1998 through March 31, 1998). Thereafter, the Internal Revenue Service ("IRS") assessed Trust Fund Recovery Penalties against D'Angelo under § 6672 as a responsible officer who willfully failed to pay the employment tax liabilities on both companies. Then, in an effort to collect those assessments, the IRS levied upon the assets of D'Angelo and his alter ego, Daycon.

The Government seeks to dismiss all counts of Daycon's Complaint for lack of subject matter jurisdiction. First, it alleges that Daycon's only potential remedy, as a third party whose assets were levied to satisfy the debt of another, is through a wrongful levy suit. The Government then argues that the statute of limitations for such a suit has expired. The Government further argues that Daycon has failed to exhaust its administrative remedies, which it must do before bringing a wrongful levy suit.

The Government also seeks to dismiss Counts II and III of D'Angelo's Complaint for lack of subject matter jurisdiction. It argues that a wrongful levy suit is not available to the taxpayer. It also argues that the statute of limitations for such a suit has expired and that D'Angelo has not exhausted his administrative remedies.

### B.  LEGAL STANDARD

#### 1. *Motion to Dismiss – Fed. R. Civ. P. 12(b)(1)*

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction)(citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has

sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529. A defendant may also bring a "factual attack" challenging "the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . ." *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, 449 U.S. 953 (1980)). In contrast to a facial attack, when a factual attack is brought, "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56[,]" by examining and weighing evidence related to the court's subject matter jurisdiction – its authority to hear the case – and giving no presumptiveness of truth to the plaintiff's allegations. *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.) (1981), cert. denied, 454 U.S. 897 (1981)).

### 2. *Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)*

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.,* No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts " standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate

if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974.

### C.  DISCUSSION

#### 1.  *Daycon's Refund Claim*

Daycon, as a third party, cannot sue the Government for a refund of its assets, which the Government levied upon to satisfy D'Angelo's tax liabilities. *See EC Term of Years Trust v. United States*, 127 S.Ct. 1763, 1767 (2007) (concluding that § 7426 is the only remedy possible for a third party challenging a levy). Daycon's only recourse is to file suit under 26 U.S.C. § 7426(a)(1), which it did in Count II of the Complaint. Count I of the Complaint is therefore dismissed, but only as to Daycon.

#### 2.  *D'Angelo's Wrongful Levy Claim*

The Government contends that D'Angelo's wrongful levy claim should be dismissed because he is the one against whom the tax is assessed. If D'Angelo is the person who owes the tax assessed, he cannot bring a wrongful levy suit; the Government has not waived its sovereign immunity with respect to § 7426 claims brought by people against whom taxes have been assessed. *See McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996) (noting that a prerequisite for establishing a § 7426 waiver of sovereign immunity is that the claimant must not be the one against whom the tax is assessed). D'Angelo points out, however, that he is pleading in the alternative because he does not owe these taxes and, therefore, is not the taxpayer. D'Angelo argues that, if the facts establish that he is not the taxpayer, he should be allowed to bring a wrongful levy claim as a third party. At the motion to dismiss stage where only a facial attack to jurisdiction has been made, D'Angelo can plead in the alternative until he is able to gather sufficient evidence to determine whether he must proceed on his wrongful levy claim or his refund claim.

### 3. *Statute of Limitation on Wrongful Levy Claim*

If Plaintiffs' wrongful levy claims were brought outside the statute of limitations, I lack subject matter jurisdiction to hear the claims. *Compagnoni v. United States*, 173 F.3d 1369, 1370 n.2 (11th Cir. 1999). Plaintiffs allege in their Complaint, however, that they filed a claim for refund with the IRS. Compl. ¶ 25. In their response to the motion, Plaintiffs argue that by filing this claim for refund, they complied with the statutory prerequisites for obtaining a longer statute of limitations. 26 U.S.C. § 6532(c)(2) states: "If a request is made for the return of property . . ., the 9-month period . . . shall be extended for a period of 12 months from the date of filing such request ." *See also EC Term of Years Trust*, 127 S.Ct. at 1766 (noting that the statute of limitations for wrongful levy suits under 26 U.S.C. § 7426(a)(1) may be extended for up to 12 months if the third party makes an administrative request for the return of the property wrongfully levied upon). Since Plaintiffs alleged that they filed a claim for refund with the IRS, I will not dismiss their wrongful levy claims based on the expiration of the statute of limitations.

### 4. *Exhaustion of Administrative Remedies*

The Government contends that Plaintiffs have not exhausted their administrative remedies and, therefore, cannot recover damages on the basis of wrongful levy. 26 U.S.C. § 7426(h) authorizes the recovery of damages on account of wrongful levy under certain circumstances. For example, to recover damages, a claimant must comply with the jurisdictional requirements found in § 7433(d). This section states that a judgment for damages shall not be awarded unless the court determines that plaintiff has exhausted the administrative remedies available within the Internal Revenue Code. Here, Plaintiffs allege that they "have satisfied all conditions precedent to bringing this lawsuit prior to the filing of the same . . . ." Compl. ¶ 25. This allegation is sufficient to defeat a motion to dismiss based on failure to exhaust administrative remedies. I, therefore, will not

dismiss Count II for Wrongful Levy.

### D. CONCLUSION

Defendant's Motion to Dismiss [D.E. 31] is granted in part and denied in part. Only Count I of the Complaint is dismissed as to Daycon.

**DONE AND ORDERED** in Miami, Florida, this 24th day of July 2008.

_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*The Honorable Ted E. Bandstra*
*All Counsel of Record*