UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-60039-CIV-COOKE/BANDSTRA

JOSEPH P. D'ANGELO, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

In January 2007, Plaintiffs Joseph P. D'Angelo ("D'Angelo") and Daycon Investors Associates, Inc. filed this action disputing D'Angelo's liability under 26 U.S.C. § 6672 for federal employment tax liabilities and seeking a refund of amounts levied from his personal assets. Daycon also disputes that it is D'Angelo's alter ego and seeks a refund of amounts levied from Daycon to satisfy D'Angelo's tax liabilities. Plaintiffs filed a motion for summary judgment on April 21, 2008 [D.E. 47]. The motion is denied as there are genuine issues of material fact.

### A.  BACKGROUND

D'Angelo seeks a refund of the money he paid the United States as a responsible party under 26 U.S.C. § 6672 for two corporations, Americare Pulmo-Tech, Inc. ("Pulmo-Tech") and Americare Services, Inc. The two corporations owed the Internal Revenue Service ("IRS") income and employment taxes withheld from employees' paychecks ("trust fund taxes"). According to D'Angelo's motion for summary judgment, the corporations owed trust fund taxes for the last quarter of 1997. Pulmo-Tech owed taxes for the first and second quarter in 1998. Americare Services owed taxes for the third and fourth quarter in 1998, and the first quarter in 1999. During

the collection of these funds, the IRS determined that Daycon Investors Associates, Inc. was the alter ego of Joseph P. D'Angelo, and levied the assets of this corporation to satisfy these debts. The IRS also determined that D'Angelo was the responsible party for these payroll tax liabilites on the basis that D'Angelo was a corporate officer and was a signatory on the bank accounts of these corporations.

### B.  LEGAL STANDARD

Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue as to any material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Only the existence of a genuine issue of material fact, as opposed to a simple factual dispute, will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). No genuine issue of material fact exists when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### C.  DISCUSSION

Factual issues exist as to whether D'Angelo was a person responsible for payment of the trust fund taxes and whether he willfully failed to make payment. 26 U.S.C. § 6672 provides, in pertinent part, as follows:

> (a) General rule. -- Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6671(b) defines "person" as "an officer or employee of a corporation, or a member or

employee of a partnership, who as such officer, employee or member, is under a duty to perform the act in respect of which the violation occurs." The Eleventh Circuit has recognized several factors relevant in determining whether an individual has the status of a person responsible for the payment of trust fund taxes. In *Thibodeau v. United States*, 828 F.2d 1499, 1503 (11th Cir. 1997), the Court found that "[i]ndicia of responsibility includes the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees.

There is a genuine issue of fact as to whether D'Angelo held the status of a person responsible for the payment of trust fund taxes under § 6672. D'Angelo incorporated Americare Services in the 1980s and operated the company out of Miami, Florida. Americare Services and its wholly-owned subsidiaries, including Pulmo-Tech, provided home health care services to clients. D'Angelo was an officer of each company. D'Angelo claims that an independent bookkeeping company was responsible for the trust fund taxes. This bookkeeping company, however, was Daycon Data Management, which is another company controlled by D'Angelo.[1] D'Angelo Dep. at 48-49.

D'Angelo was the Chief Executive Officer and director of Pulmo-Tech. Pulmo-Tech was a wholly-owned subsidiary of Americare Services that operated out of West Palm Beach. D'Angelo set up the financial accounts for Pulmo-Tech and was the only signatory on those accounts. D'Angelo and other Americare Services subsidiaries loaned money to Pulmo-Tech. Barbara Ryan, who was the Administrator for the West Palm Beach office of Americare Services, was also in charge of receiving employee payroll information with respect to Pulmo-Tech. Ryan forwarded that

---

[1] D'Angelo controls and is the President of Daycon Data Management. He hired the bookkeepers at Daycon Data Management and authorized the company to use his name stamp to sign checks.

information to D'Angelo and was in routine contact with D'Angelo regarding the general operations of Americare Services and the employee payroll information of Pulmo-Tech. D'Angelo set up the goals for the company and helped prepare the company's booklets. When the company faced financial difficulties, D'Angelo deposited money into the company's account. Eventually the company faced sufficient financial difficulties that D'Angelo decided to close the West Palm Beach office out of which it operated.

D'Angelo was the President, Director, and owner of Americare Services. As with Pulmo-Tech, D'Angelo contributed to the financing of Americare Services. D'Angelo loaned money to Americare Services and obtained whatever financing was necessary to start up the company as well as authorized loans from Americare Services to other companies. D'Angelo also opened bank accounts for Americare Services and was the only signatory on those accounts.

The facts before me are sufficient to raise a genuine issue of material fact as to whether D'Angelo was a responsible party under 26 U.S.C. § 6672. D'Angelo was a corporate officer for each company, had control over each company's financial affairs, had the authority to disburse corporate funds, and owned stock in at least one of the companies. Under these set of facts, and viewing the evidence in the light most favorable to the nonmoving party, it would be improper to enter summary judgment against the United States.

### C. CONCLUSION

Accordingly, Plaintiffs' Motion for Summary Judgment [D.E. 47] is denied.

**DONE AND ORDERED** in Miami, Florida, this 24th day of July 2008.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

cc:

The Honorable Ted E. Bandstra

All counsel of record

Joseph P. D'Angelo, *pro se*
20 NW 181st Street, 3rd Floor
Miami, Florida 33169