## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## CASE NO. 07-60039-CIV-COOKE/BANDSTRA

JOSEPH P. D'ANGELO, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.

_____/

### ORDER ON UNOPPOSED MOTION TO STRIKE JURY DEMAND

The United States has moved to strike the jury demand for Counts II, III, and IV of Plaintiffs' Complaint and to separate the action into two trials. Joseph P. D'Angelo and Daycon Investors Associates, Inc. do not object to the relief sought.

### I.  BACKGROUND

Plaintiffs filed a complaint against the United States alleging a claim for refund and a claim for wrongful levy. Specifically, Plaintiffs' complaint disputes that D'Angelo is liable under 26 U.S.C. § 6672 for federal employment tax liabilities and seeks a refund for D'Angelo and Daycon of amounts levied from them by the IRS. After ruling on Defendant's motion to dismiss, only the following counts remain: Count I for refund on behalf of D'Angelo; Count II for wrongful levy on behalf of D'Angelo and Daycon; Count III for damages for wrongful levy on behalf of D'Angelo and Daycon; and Count IV for costs and fees. In their complaint, Plaintiffs demand a jury trial.

### II.  DISCUSSION

**A.**    <u>*JURY TRIAL*</u>

Plaintiffs are not entitled to a jury trial on Counts II through IV of their complaint. 28 U.S.C.

§ 2402 states: ". . . any action against the United States under section 1346 shall be tried by the court without a jury, except that any action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury ." Plaintiffs wrongful levy claims, which are asserted in Counts II and III of the complaint, are brought under 28 U.S.C. § 1346(e). The Supreme Court has held that wrongful levy claims cannot be brought under section 1346(a)(1). *EC Term of Years Trust v. United States*, 127 S.Ct. 1763, 1769 (2007). Only Count I, which asserts a claim for refund, can be brought under section 1346(a)(1). Therefore, only Count I can be properly brought before a jury.

Additionally, Count IV of the complaint is a claim for costs and fees brought under 26 U.S.C. § 7430. Count IV does not fall within the jury exception of section 1346(a)(1). Therefore, Count IV cannot be properly brought before a jury.

Accordingly, Counts II, III, and IV must be tried without a jury.

### B.  SEPARATE TRIAL

The United States also seeks to try the refund claim separate from the wrongful levy claim. It asserts that the two claims raise entirely different issues and involve different periods of time. It further argues that separating the trials will avoid jury confusion. As there will only be a jury trial as to Count I, separating the trials will be unnecessary. After the conclusion of the jury trial, the non-jury trial will proceed as to Counts II through IV.

### III.  CONCLUSION

Given that Plaintiffs are not entitled to a jury trial, and that Plaintiffs do not object to the relief sought by the United States, Counts II through IV of the complaint will be tried without a jury. Additionally, the trials will not be separated. Rather, after the conclusion of the jury trial on Count I, the parties shall immediately proceed with the non-jury trial as to Counts II through IV.

**DONE AND ORDERED** in Miami, Florida, this 29th day of July 2008.

_____
MARCIA G. COOKE
United States District Judge

cc:

The Honorable Ted E. Bandstra

All counsel of record

Joseph P. D'Angelo, *pro se*
20 NW 181st Street, 3rd Floor
Miami, FL 33169