UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-60039-CIV-COOKE/BANDSTRA

**JOSEPH P. D'ANGELO,** *et al.***,**

    *Plaintiffs***,**

v.

**UNITED STATES OF AMERICA,**

    *Defendant***.**
_____/

**ORDER DENYING UNITED STATES' MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO IRS' ADMINISTRATIVE DETERMINATION**

THIS CAUSE comes before the Court upon Defendant United States of America's ("United States") Motion *in limine* to exclude evidence relating to the Internal Revenue Service's ("IRS") administrative determination. [D.E. 53]. Plaintiff Joseph P. D'Angelo ("D'Angelo") filed a memorandum in opposition. [D.E. 59]. The Court has fully considered the Motion, the record herein, and is fully advised in the premises. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Motion *in limine* to exclude evidence relating to the IRS' administrative determination is **DENIED**.

*I. BACKGROUND*

On January 11, 2007, Plaintiffs D'Angelo and Daycon Investors Association Inc. ("Daycon") filed the present tax refund and wrongful levy suit against the United States challenging the IRS's determination that D'Angelo was the person responsible for the two companies, Americare Pulmo-Tech, Inc. ("Pulmo-Tech") and Americare Services, Inc. ("Americare"), which failed to pay trust fund taxes to the IRS. Now the United States brings a motion *in limine* to exclude

evidence relating to the "methods, procedures, analyses or conclusions" used by the IRS to make that determination. [D.E. 53]. D'Angelo filed a memorandum opposing the motion. [D.E. 59].

## II. LEGAL STANDARD

Pursuant to Federal Rules of Evidence, only relevant evidence is admissible, *i.e.,* "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The burden of proof is on the taxpayer to show the invalidity of a tax assessment. *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 291 (1935). A presumption of correctness attaches to the IRS's assessment. *United States v. Janis*, 428 U.S. 433, 440, 96 S.Ct. 3021, 3025 (1976). This presumption, however, does not apply where "the assessment is shown to be naked and without any foundation." *Id.* at 442.

## III. DISCUSSION

The United States seeks to prevent Plaintiffs from calling Joe Breazeale, who determined that D'Angelo was responsible for Americare's tax liability, and Frank Moreno, who determined that D'Angelo was responsible for Pulmo-Tech's tax liability, and from questioning Richard Labeck, a Revenue Officer called by the United States, about the IRS's factual and legal analyses and conclusions related to the tax assessment. (United States Mot. in Limine 2). The United States argues that "[t]his type of evidence is irrelevent in this de novo proceeding" and that it would "improperly put the IRS on trial, confuse the jury, and waste valuable court time." (United States Mot. in Limine 2).

D'Angelo, in his memorandum in opposition, alleges that the IRS's tax assessment is naked and without foundation and, therefore, he "should be allowed to call and examine the agents who made the determinations regarding taxes in this case." (D'Angelo Mem. in Opp'n to United States

Mot. 4). D'Angelo, however, has made a sufficient showing of the existence of a naked tax assessment that was not based on a rational foundation. (D'Angelo Mem. in Opp'n to United States Mot. 2-4); [D.E. 47, Ex. B].

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion *in limine* to exclude evidence relating to the IRS' administrative determination [D.E. 53] is denied without prejudice.

**DONE AND ORDERED** in Miami, Florida, this 11th day of March 2009.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

cc: Counsel of Record